# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| REALTIME DATA LLC d/b/a IXO, | |
| Plaintiff, | |
| v. | C.A. No. 17-1635-GMS |
| FORTINET, INC., | |
| Defendant. | |

## REALTIME DATA LLC'S ANSWERING BRIEF IN OPPOSITION TO FORTINET, INC.'S MOTION TO DISMISS

March 20, 2018

Of Counsel:

Marc A. Fenster
Reza Mirzaie
Paul A. Kroeger
RUSS AUGUST & KABAT
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
(310) 826-7474
mfenster@raklaw.com
rmirzaie@raklaw.com
pkroeger@raklaw.com

BAYARD, P.A.

Stephen B. Brauerman (No. 4952)
Sara E. Bussiere (No. 5725)
600 N. King Street, Suite 400
Wilmington, DE 19801
(302) 655-5000
sbrauerman@bayardlaw.com
sbussiere@bayardlaw.com

*Attorneys for Plaintiff Realtime Data LLC d/b/a IXO*

**TABLE OF CONTENTS**

**Page(s)**

I. INTRODUCTION ................................................................................................................. 1

II. LEGAL STANDARDS ........................................................................................................ 2

III. ARGUMENT ........................................................................................................................ 3

    A. Fortinet's Argument Regarding Indirect Infringement is Meritless ........................ 3

    B. Fortinet's Argument Regarding Contributory Infringement Can Be Readily Fixed in an Amended Complaint. ............................................................... 3

    C. Any Defects Concerning the '908 Patent Do Not Require Dismissal, But Can Be Readily Cured by Amendment. ..................................................................... 6

    D. Fortinet's Motion to Dismiss Under § 101 Should be Denied ................................. 6

IV. CONCLUSION ..................................................................................................................... 6

## **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ................................................................................................................. 2

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007) ................................................................................................................. 2

*International Business Machines Corporation v. Groupon, Inc.*,
   ___ F. Supp. 3d ___, 2017 WL 5509999 (D. Del. Nov. 17, 2017) .......................................... 3

*K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.*,
   714 F.3d 1227 (Fed. Cir. 2013) ................................................................................................ 2

*Lifetime Indus., Inc. v. Trim-Lok, Inc.*,
   ___ F.3d ___ (Fed. Cir. 2017), 2017 WL 3908174 (Sep. 7, 2017) .......................................... 2

*McZeal v. Sprint Nextel Corp.*,
   501 F.3d 1354 (Fed. Cir. 2007) ................................................................................................ 3

*Philips v. ASUSTeK Computer, Inc.*,
   C.A. No. 15-1125-GMS, 2016 WL 6246763 (D. Del. Oct. 25, 2016) ..................................... 5

*Realtime Data LLC d/b/a IXO v. IXSystems, Inc.*,
   C.A. No. 17-1769-GMS, D.I. 7, 8 ...................................................................................... 1, 6

*Realtime Data LLC d/b/a IXO v. Pure Storage, Inc.*,
   C.A. No. 17-1544-GMS, D.I. 10, 11, 12, 15 ....................................................................... 1, 6

*Umland v. Planco Fin. Servs.*,
   542 F.3d 59 (3d Cir.2008) ........................................................................................................ 2

**Statutes**

35 U.S.C. § 101 .......................................................................................................................... 1, 6

**Other Authorities**

Federal Rule of Civil Procedure 8(a)(2) ......................................................................................... 3

Federal Rule of Civil Procedure 12(b)(6) ....................................................................................... 2

**I.     INTRODUCTION**

Fortinet, Inc.'s ("Fortinet") motion to dismiss should be denied on all grounds. *First,* Fortinet concedes that Realtime has adequately pled post-suit inducement. (Motion at 6.) Fortinet only moves to dismiss pre-suit inducement. Fortinet's attempt to carve up an indirect infringement claim by time frame (*i.e.*, pre-suit and post-suit) is inappropriate and should be rejected. This is simply a damages issue, and Realtime should not prevented from seeking pre-suit damages if discovery supports such an award.

*Second*, as shown below, Realtime's Complaint adequately alleges the necessary elements to establish a claim for contributory infringement. To the extent the Court deems the allegations of substantial noninfringing uses deficient, that issue can readily be resolved by amendment, and Realtime requests leave to amend.

*Third*, Fortinet cites no authorities that dismissal of the complaint is warranted because Realtime inadvertently failed to attach the '908 Patent to the complaint and/or reference it in the AO 120 Form. In any event, Realtime has filed an amended AO 120 Form. Likewise, the '908 Patent can be attached to an amended pleading.

*Finally*, Fortinet's does not actually brief its motion to dismiss under § 101. Instead, it "joins and incorporates by reference the arguments made in support of invalidity of the asserted patents under 35 U.S.C. § 101 in *Realtime Data LLC d/b/a IXO v. IXSystems, Inc.*, C.A. No. 17-1769-GMS, D.I. 7, 8; *Realtime Data LLC d/b/a IXO v. Pure Storage, Inc.*, C.A. No. 17-1544-GMS, D.I. 10, 11, 12, 15; and *Realtime Data LLC d/b/a Commvault Systems, Inc.*, C.A. No. 17-925-GMS, D.I. 13, 14, 22 and moves to dismiss each of these asserted patents on those grounds." (Mot. at 8.)  Accordingly, Realtime incorporates by reference its oppositions and notices of

1

supplemental authority to each of those motions (17-1769, D.I. 10; 17-1544, D.I. 14, 21; No. 17-925, D.I. 21, 29, 30) and requests that the Court deny the motion on the same grounds.

Fortinet's motion to dismiss should be denied on all grounds. In the event the Court grants the motion (in whole or in part), Realtime requests leave to file an amended complaint.

## II.     LEGAL STANDARDS

A motion to dismiss pursuant to Rule 12(b)(6) must be denied where "'under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" *Umland v. Planco Fin. Servs.*, 542 F.3d 59, 64 (3d Cir.2008) (quoting *Pinker v. Roche Holdings Ltd.,* 292 F.3d 361, 374 n.7 (3d Cir. 2002). A complaint must state a claim that is "plausible on its face," but need not establish that the claim is "probable." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint "does not need detailed factual allegations" to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

When considering a Rule 12(b)(6) motion to dismiss, the Court must accept as true all factual allegations in the complaint and view them in the light most favorable to the plaintiff. *Umland*, 542 F.3d at 64. As recently reaffirmed by the Federal Circuit, a precise element-by-element mapping to accused products in the complaint is not required. *See Lifetime Indus., Inc. v. Trim-Lok, Inc.*, ___ F.3d ___ (Fed. Cir. 2017), 2017 WL 3908174 (Sep. 7, 2017) (reversing grant of a motion to dismiss). In *Lifetime*, the Federal Circuit noted that it has never, for example, recognized a distinction between the level of detail provided under previous Form 18 and that required under the Supreme Court's *Iqbal* and *Twombly* precedents. *Lifetime*, 2017 WL 3908174, at *4. *See also K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1227, 1284 (Fed. Cir. 2013).

### III. ARGUMENT

#### A. Fortinet's Argument Regarding Indirect Infringement is Meritless

Fortinet does not dispute that post-filing indirect infringement allegations are sufficient; Fortinet's arguments here are solely about adequacy of *pre-suit* indirect infringement. (*See* Mot. at 6 ("Nowhere in the Complaint does Realtime allege that Fortinet had pre-suit knowledge of any of the asserted patents.").)

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). Fortinet's attempt to carve up an indirect infringement claim by time frame (*i.e.*, pre-suit and post-suit) is inappropriate and should be rejected. This is a damages issue, and Realtime should not prevented from seeking pre-suit damages if discovery reveals support for such a fact. *International Business Machines Corporation v. Groupon, Inc.*, C.A. No. 16-122-LPS-CJB, ___ F. Supp. 3d ___, 2017 WL 5509999, at *2 (D. Del. Nov. 17, 2017) (In a motion to dismiss, the "issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim."). Fortinet's motion regarding indirect infringement fails.

#### B. Fortinet's Argument Regarding Contributory Infringement Can Be Readily Fixed in an Amended Complaint.

Fortinet's motion to dismiss Realtime's contributory infringement allegations should likewise be denied. As Fortinet concedes, a claim of contributory infringement is properly pled with the following allegations: (1) an offer to sell, sale or import; (2) a component or material for use in a patented process constituting a material part of the invention; (3) knowledge by the defendant that the component is especially made or especially adapted for use in an infringement of such patents; and (4) that the component is not a staple or article suitable for substantial

3

noninfringing use.  (Motion at 7 (citing *Fujitsu Ltd. v. Netgear, Inc.*, 620 F.3d 1321, 1326 (Fed. Cir. 2010).)

There can be no dispute that Realtime has properly plead the first three elements necessary to state a claim for contributory infringement.  Specifically, Realtime alleges that Fortinet offers to sell, sales and/or imports the Accused products which infringe the patents-in-suit:

> 8.     On information and belief, Fortinet *has offered for sale, sold and/or imported into the United States Fortinet products and services that infringe the '728 Patent*, and continues to do so. By way of illustrative example, these infringing products and services include, without limitation, Fortinet's FortiGate and FortiGate IPS products, and all products and services using WAN optimization, including, without limitation, the WAN optimization functionality of FortiOS, and the system hardware on which they operate, and all versions and variations thereof since the issuance of the '728 Patent (the "Accused Instrumentalities").
>
> 9.     On information and belief, Fortinet has directly infringed and continues to infringe the '728 Patent, for example, by making, selling, offering for sale, and/or importing the Accused Instrumentalities, and through its own use and testing of the Accused Instrumentalities, which constitute systems for compressing data claimed by Claim 1 of the '728 Patent, comprising: a processor; one or more content dependent data compression encoders; and a single data compression encoder; wherein the processor is configured: to analyze data within a data block to identify one or more parameters or attributes of the data wherein the analyzing of the data within the data attributes of the data wherein the analyzing of the data within the data block to identify the one or more parameters or attributes of the data excludes analyzing based solely on a descriptor that is indicative of the one or more parameters or attributes of the data within the data block; to perform content dependent data compression with the one or more content dependent data compression encoders if the one or more parameters or attributes of the data are identified; and to perform data compression with the single data compression encoder, if the one or more parameters or attributes of the data are not identified. Upon information and belief, Fortinet uses the Accused Instrumentalities, which are infringing systems, for its own internal non-testing business purposes, while testing the Accused Instrumentalities, and while providing technical support and repair services for the Accused Instrumentalities to Fortinet's customers.

(Complaint (D.I. 1) ¶¶ 8-9 (emphasis added)*; see also id.* ¶¶ 24-25, 41-42, 57-58.)  Accordingly, Realtime has sufficiently plead factual allegation to meet the first two elements.

Likewise, there can be no dispute that Realtime has adequately plead knowledge by Fortinet that the Accused Instrumentalities Infringe:

> 10.   On information and belief, **Fortinet has had knowledge of the [asserted patents] since at least the filing of this Complaint, or shortly thereafter, and on information and belief, Fortinet knew of the [asserted patents] and knew of [their] infringement**, including by way of this lawsuit.
>
> 11.   Fortinet also induces its customers to use the Accused Instrumentalities to infringe other claims of the [accused patents]. **Fortinet specifically intended and was aware that these normal and customary activities would infringe the [accused patents]. Fortinet performed the acts that constituted induced infringement, and would induce actual infringement,** with the knowledge of the [asserted patents] and with the knowledge, or willful blindness to the probability, that the induced acts would constitute infringement. Accordingly, Fortinet has induced and continues to induce users of the accused products to use the accused products in their ordinary and customary way to infringe the [accused patents], knowing that such use constitutes infringement of the [accused patents].

(Complaint (D.I. 1) ¶¶ 10-11 (emphasis added); *see also id.* 26-27, 43-44, 61-62.)  Indeed, Fortinet quotes this language in its motion, and concedes that these allegations are sufficient for claims of post-suit inducement.  (*See* Mot. at 6.)  Realtime has adequately plead allegations sufficient to meet the third prong of a claim for contributory infringement.

Realtime believes that the allegations quoted above are sufficient to establish that Fortient's Accused Instrumentalities do not have any substantial non-infringing uses as required by the fourth element of a claim for contributory infringement.  However, in the event the Court finds the allegations deficient, Realtime can readily plead no substantial non-infringing uses in an amended complaint.  Accordingly, Realtime requests leave to amend to file a first amended complaint in the event the Court grants Fortinet's motion.  *See Philips v. ASUSTeK Computer, Inc.*, C.A. No. 15-1125-GMS, 2016 WL 6246763, at *4 (D. Del. Oct. 25, 2016) (granting leave to amend complaint to state allegations of substantial noninfringing uses).

### C.      Any Defects Concerning the '908 Patent Do Not Require Dismissal, But Can Be Readily Cured by Amendment.

With regard to the issues solely concerning the '908 Patent, Fortinet raises two issues: (1) that the '908 Patent was not attached to the Complaint; and (2) that the '908 Patent was not listed on the AO 120 Form filed with the Court.  (Mot. at 8.)  Fortinet cites no authority that either defect is grounds for dismissal of a Complaint.  With regard to the AO 120 Form, Realtime has filed an amended form listing the '908 Patent.  Realtime is likewise willing to file an amended Complaint attaching the '908 Patent, as Fortinet Requests.  (*See* Mot. at 8 ("At the very least, Realtime should be required to amend its Complaint . . . .").)

### D.      Fortinet's Motion to Dismiss Under § 101 Should be Denied.

With regard to its motion to dismiss under § 101, Fortinet simply "joins and incorporates by reference the arguments made in support of invalidity of the asserted patents under 35 U.S.C. § 101 in *Realtime Data LLC d/b/a IXO v. IXSystems, Inc.*, C.A. No. 17-1769-GMS, D.I. 7, 8; *Realtime Data LLC d/b/a IXO v. Pure Storage, Inc.*, C.A. No. 17-1544-GMS, D.I. 10, 11, 12, 15; and *Realtime Data LLC d/b/a Commvault Systems, Inc.*, C.A. No. 17-925-GMS, D.I. 13, 14, 22 and moves to dismiss each of these asserted patents on those grounds."  (Mot. at 8.)  Accordingly, Realtime incorporates by reference its oppositions and notices of supplemental authority to each of those motions (17-1769, D.I. 10; 17-1544, D.I. 14, 21; No. 17-925, D.I. 21, 29, 30) and requests that the Court deny the motion on the same grounds.

## IV.    CONCLUSION

For all of the foregoing reasons, Fortinet's motion should be denied. In the alternative, Realtime should be granted leave to file a first amended complaint.

| | |
|---|---|
| March 20, 2018 | BAYARD, P.A. |
| Of Counsel: | /s/ Stephen B. Brauerman<br>Stephen B. Brauerman (No. 4952) |
| Marc A. Fenster<br>Reza Mirzaie<br>Paul A. Kroeger<br>RUSS AUGUST & KABAT<br>12424 Wilshire Boulevard, 12th Floor<br>Los Angeles, CA 90025<br>(310) 826-7474<br>mfenster@raklaw.com<br>rmirzaie@raklaw.com<br>pkroeger@raklaw.com | Sara E. Bussiere (No. 5725)<br>600 N. King Street, Suite 400<br>Wilmington, DE 19801<br>(302) 655-5000<br>sbrauerman@bayardlaw.com<br>sbussiere@bayardlaw.com<br><br>*Attorneys for Plaintiff Realtime Data LLC d/b/a IXO* |